

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-14-00209-CR
04-14-00211-CR &
04-14-00212-CR

Shanelle Evette **CHARLES**[1],
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2014CR0038, 2012CR3193, & 2013CR10374
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  May 21, 2014

DISMISSED

Appellant entered into three plea bargain agreements with the State pursuant to which she

pleaded nolo contendere to the offenses of bribery, aggravated assault with a deadly weapon, and

burglary of a habitation by force. The trial court imposed sentence in each case and, in each case,

---

[1] In the judgments in Appeal Nos. 04-14-00209-CR and 04-14-00211-CR, appellant's name is stated as Shanelle Evette Charles. However, in Appeal No. 04-14-00212-CR, the judgment states appellant's name is Shanelle Cooks. It is clear from the records that Shanelle Evette Charles and Shanelle Cooks are the same person. Accordingly, we shall refer to appellant as Shanelle Evette Charles.

signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed notices of appeal. The clerk's records, which include the plea bargain agreements and the trial court's Rule 25.2(a)(2) certifications, have been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

This court gave appellant notice that the appeals would be dismissed unless amended trial court certifications showing she has the right to appeal were made part of the appellate records within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed appellate counsel filed a written response, stating he has reviewed the records and can find no right of appeal. After reviewing the records and counsel's response, we agree appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss these appeals. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish